The court told the jury that what took place between the parties upon the offer of the plaintiff to return the bank note caused the special contract to be done away with, and the plaintiff had the right to sue immediately on the count for a quantum valebat. It does not seem to us that the plaintiff had a right to sue before 1 January following. The due-bill for $30, although written in (374) pencil, if legible, was good. The law does not require a note or bond to be written in ink; it is done generally, as the most convenient mode and the most likely to perpetuate the contract. Story on Bills, pp. 33, 34, 53. The bank bill was to be taken back if the plaintiff did not like it, and the defendant was then to have time until 1 January *Page 262 
following, to pay that sum also. The defendant, however, on the return of the bank bill, and the surrender to him of his note for $30, offered to give his note with surety for $40, payable 1 January following, and $10 in cash. This offer was rejected by the plaintiff. It seems to us that the defendant tendered performance of the contract on his part, and that the plaintiff, because he refused to accept the defendant's note with surety for $40, and $10 in cash, had not a right immediately to sue on a quantumvalebat. The defendant was entitled to time to pay the $50, until 1 January following, to wit, 1845.
PER CURIAM. New trial.
(375)